# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

**BRIAN WILLIAMS**
    Plaintiffs,

vs

**Diversified Consultants, Inc.**

    Defendants,

Case No. 14 C 50163

RECEIVED
JUL 2 8 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA AND TCPA.

### JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k (d) 28 U.S.C § 1331 including 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

3. The occurrences which give rise to this action occurred in Winnebago County, Illinois.

4. This action arises out of violations of the Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692 et seq. and for the violation of Telephone Consumer Protection Act (TCPA) § 227, 47 USC § 227 et seq. by Defendant, Diversified Consultants, Inc.

5. Defendant, Diversified Consultants, Inc.'s collection communications were received by Plaintiff within this District. And within the statute of limitations pursuant to the violations stated herein.

## PARTIES

6. Plaintiff, Brian Williams, ("Williams") is an individual who resides in the Northern District, of Illinois in Winnebago, County and place of residence is located at 1221 South 6th St. Rockford Illinois, 61104 and is a consumer as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. §1692 a (3).

7. Diversified Consultants, (Diversified") is a debt collector defined by 15 U.S.C. § 1681a (6) and a **"for profit"** corporation organized in Florida. Diversified, has its corporate office located at 10550 Deerwood Park Blvd #309, Jacksonville, FL 32256. Diversified, uses instrumentality of interstate commerce and/or the mails in a business the principle purpose of which is the collection of alleged debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another as a third party.

## PRELIMINARY STATEMENT

8. This is an action for damages and injunctive relief brought by Plaintiff Brian Williams, against Defendant, Diversified for violations of Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692 § 807 e (10) *"the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

9. 15 U.S.C. § 1692 § 806 (d) *"Any conduct the natural consequence of which is to harass, oppress, or abuse any person"*.

10. (FDCPA) 15 USC 1692 §806 d (6) *"Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity"*.

11. Telephone Consumer Protection Act (TCPA) § 227, 47 USC § 227 (1)(a). *"To make any call, **(Other than a call made for emergency purposes or made with the prior express consent of the called party)** using any automatic dialing system or an artificial pre-recorded voice."*

12. Telephone Consumer Protection Act (TCPA) § 227, 47 U.S.C. § 227(b)(1)(A)(iii) *" To any telephone number assigned to a paging service, or **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, **or any service which the called party is charged for the call**.*

## FACTUAL ALLEGATIONS

13. Defendant, Diversified Consultants Inc., on or about March 24th 2014 started calling Plaintiffs wireless cell phone number 779-207-1520 from phone numbers (815) 516-0987, (815) 516-0990, (815) 516-0978 which are numbers known to be used by Diversified in their debt collection operations.

14. All calls made by Diversified were made with automatic telephone dialing system (ATDS) capable equipment to Plaintiff's wireless phone.

15. Diversified made **at least 24 individual calls** to Plaintiffs wireless cell phone beginning March 24th 2014 and ending April 4th 2014

16. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without the consent, express or otherwise, of the Plaintiff having been given at any time.

17. Diversified called at times that were inconvenient and when Plaintiff answered the phone there was no live person on the line and no message was left.

18. The Plaintiff has never had any business relationship with Diversified at any time and has never given Diversified his express consent to call his wireless phone.

19. Plaintiff contacted Diversified about the alleged debt and talked to Alejandra Gonzales, at 11:18 a.m. on 6/13/ 2014, Mrs. Gonzales, stated directly to Plaintiff that the debt was sent back to the original creditor on the morning of April 4th 2014

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 et seq. BY DIVERSIFIED CONSULTANTS, INC.

20. Plaintiff alleges and incorporates the information in paragraph 1 through 20.

21. Plaintiff brings this action pursuant to 47 U.S.C. § 227(b) (1)(A)(iii) and 15 U.S.C. § 1692k(d) for the following.

22. **On March 24th, 2014 at 8:21 AM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

23. **On March 24th, 2014 at 1:06 PM** Diversified called Plaintiff's wireless phone number 779-207-1520 from 815-516-0978 twice in one minute using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692 d (6).

24. **On March 24th, 2014 at 1:06** PM Diversified called Plaintiff's wireless phone number 779-207-1520 from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

25. **On March 24th, 2014 at 1:07 PM** Diversified called Plaintiff's wireless phone number 779-207-1520 from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

26. **On March 24th, 2014 at 1:08 PM** Diversified called Plaintiff's wireless phone number 779-207-1520 from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

27. **On March 24th, 2014 at 7:59 PM** Diversified called Plaintiff's wireless phone number 779-207-1520 from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express

consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

28. **On March 26th, 2014 at 3:26 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from **+815-516-0987** using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

29. **On March 27th, 2014 at 11:29 AM** Diversified called Plaintiff's wireless phone number **779-207-1520** from **815-516-0978** using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

30. **On March 27th, 2014 at 4:26 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from **815-516-0978** using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

31. **On March 27th, 2014 at 5:04 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from **815-516-0978** using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

32. **On March 28th, 2014 at 8:04 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

33. **On March 31st, 2014 at 8:02 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

34. **On March 31st, 2014 at 12:39 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

35. **On April 1st, 2014 at 10:08 AM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0987 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

36. **On April 1st, 2014 at 3:29 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0987 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of

the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

37. **On April 1st, 2014 at 5:38 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0987 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

38. **On April 2nd, 2014 at 11:38 AM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

39. **On April 2nd, 2014 at 4:27 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

40. **On April 2ND, 2014 at 5:14 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

41. **On April 2ND, 2014 at 7:41 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0978 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

42. **On April 3rd, 2014 at 10:09 AM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

43. **On April 3rd, 2014 at 12:18 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

44. **On April 3rd, 2014 at 1:42 PM** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0990 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

44. **On April 4th, 2014,** Diversified called Plaintiff's wireless phone number **779-207-1520** from 815-516-0987 using ATDS capable equipment without Plaintiff's prior express consent. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call.

Defendant's harassing and abusive actions and/or its failure to disclose the identity of the caller or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d (6).

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d BY DEFENDANTS DIVERSIFIED CONSULTANTS

27. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

28. 15 U.S.C. § 1692 § 806 (d) "*Any conduct the natural consequence of which is to harass, oppress, or abuse any person*".

29. Defendant Diversified Consultant's aforementioned conduct violated the FDCPA 15 U.S.C § 1692.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that Diversified Consultants violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS DIVERSIFIED CONSULTANTS

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 30.

31. Defendant Diversified Consultants violated (FDCPA) 15 USC 1692 §806 d (6)" *Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity".*

32. Defendant's conduct violated the FDCPA 15 U.S.C § 1692.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a. Adjudging that Diversified violated the FDCPA 15 U.S.C § 1692

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00

   c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

   d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS DIVERSIFIED CONSULTANTS

33. Plaintiff alleges and incorporates the information in paragraph 1 through 33.

34. Diversified Consultants violated (FDCPA) §1692e (10) *"the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

35. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C § 1692.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that Diversified violated the FDCPA 15 U.S.C § 1692

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IIII
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 BY DEFENDANT DIVERSIFIED CONSULTANTS

36. Plaintiff alleges and incorporates the information in paragraph 1 through 36.

37. Diversified Consultants Inc., called Plaintiff Brian Williams, on his cell phone, without prior **express consent**. Williams had never given Diversified permission to call him. Diversified called twenty four times which are equal to, twenty four individual separate violations of 47 U.S.C. §227(b)(1)(A) *"To make any call, (Other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial pre-recorded voice."*

38. Defendant's aforementioned conduct violated TCPA 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Diversified violated the TCPA 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to the Plaintiff's wireless phones as knowing and/or willful violations;

c. Awarding Plaintiff any fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IIIII

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 BY DEFENDANT DIVERSIFIED CONSULTANTS

39. Plaintiff alleges and incorporates the information in paragraph 1 through 39.

40. Telephone Consumer Protection Act (TCPA) § 227, 47 U.S.C. § 227(b)(1)(A)(iii) " *To any telephone number assigned to a paging service, or **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, **or any service which the called party is charged for the call**".*

41. Defendant's conduct violated the TCPA 47 U.S.C § 1692.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Diversified violated the TCPA 47 U.S.C. § 227.

b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to the Plaintiff's wireless phones as knowing and/or willful violations;

c. Awarding Plaintiff any fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 28th of July, 2011

Brian Williams
1221 South 6th Street
Rockford, Il 61104
815-987-0373
brianrss@hotmail.com

Service to:
Diversified Consultants Inc.
10550 Deerwood Park Blvd #309,
Jacksonville, FL 32256